IN THE MATTER OF THE ESTATE OF FREDERICK MEYER, DECEASED.

No. 1244.

PETITION FOR REHEARING.

FILED NOVEMBER 10, 1920.                    DECIDED NOVEMBER 26, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

*Per Curiam.* Counsel for appellee have interposed a petition for a rehearing in the above cause. Little need be said in disposing of the petition except to call attention to the misstatements or misinterpretation of the meaning and effect of our former opinion herein.

In paragraph VIII of the petition complaint is made "that this court erred in holding that the selection by the probate judge of the choice of the person first entitled to administer and of the majority of the persons next entitled to administer against the objection of a person of a lower class whose entire interest in the estate is two-twenty-sevenths, was arbitrary and at the 'whim and caprice' of said judge." This court did not hold or even intimate that the probate judge in the present instance acted either whimsically or capriciously and to read our opinion in that light demonstrates an impoverished under-

standing of plain and unambiguous language or a purposed distortion thereof. What we did say was that if the rule were as contended for by counsel for appellee then a probate judge might from whim or caprice ignore the statute and the judge's action would be final. This of course was the statement of an extreme case cited obviously for the purpose of illustration.

Again on page 10 of the petition we are reminded "that satisfactory cause can only mean satisfactory to the judge acting in the case and not, as this court seems to think, satisfactory to it." We gave expression to no such thought as imputed to us in the paragraph above. What we held was that the phrase "satisfactory cause," as used in the statute, means that while there is a certain discretionary power vested in the probate judge the discretion thus vested is not personal but is a sound discretion to be regulated and exercised according to the rules of law. It is the kind of discretion which if abused is reviewable on appeal. This rule is neither new nor infrequently applied. We pointed out that many reasons might be shown to exist which would justify the probate judge in departing from the order of priority set forth in the statute. But we further held that in the present case there was no satisfactory cause shown to exist which as a matter of law would justify the probate judge in appointing a stranger to the estate to the exclusion of a son of the deceased and one of the heirs of the estate who desired the appointment and who was shown to be fully qualified to discharge the duties of the trust.

With the views thus expressed all of the members of this court, as well as Circuit Judge Banks who took part in the former opinion, are in full accord.

The petition for rehearing is denied.

*H. Holmes* and *I. M. Stainback* for the petition.